**ADANTE D. POINTER, ESQ., 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Suite 1140,
Oakland, CA 94612
Tel: 510-929-5400
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MORALES an individual; and S.M. a minor, by and through their guardian ad litem, WENDY CHAU; <br><br>Plaintiffs, <br><br>v. <br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HILTON EMPLOYER INC., a corporation; and DOES 1-50, inclusive. <br><br>Defendants. | Case No.: <br><br>COMPLAINT FOR DAMAGES <br>(42 U.S.C § 1983) <br><br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. On May 28, 2020, Wendy Chau was at the Hilton Hotel located at 750 Kearny Street in San Francisco California. Ms. Chau's sister was visiting from out of town and staying at the Hotel. Ms. Chau and her sister arrived at the Hilton around 11:00 a.m. and checked-in. Ms. Chau and her sister left the hotel and returned in the evening with Ms. Chau's toddler, Plaintiff

S.M. Neither Ms. Chau nor her sister had an issue entering the hotel nor had they been asked by security or any hotel employee to verify their identification upon returning.

2. Later that evening, Plaintiff Steve Morales, went to the Hilton Hotel to meet with his fiancé, Plaintiff Wendy Chau, their child Plaintiff S.M., and Ms. Chau's sister.

3. Mr. Morales noticed that the hotel had a mask mandate and put on his mask to enter the hotel. As he was walking through the hotel he noticed no one else was wearing a mask. Mr. Morales was unsure how to get to the hotel room, asked the hotel security guard for directions to the elevator. The security guard questioned Mr. Morales about being a registered guest and he explained he was not a registered guest but visiting a registered guest. The registered hotel guest, Ms. Chaus's sister, met Mr. Morales and they both went up the elevator and to the hotel room.

4. After a visiting, Mr. Morales left with his child to go to his car to wait for Ms. Chau and her sister. As he walked out the hotel with his daughter in one arm and a bag in another, a friend in the lobby met him and they both proceeded to walk out to the car. Unknown to Mr. Morales, the Hilton Hotel staff called the police and falsely reported a white male, 30 years old with a possible domestic dispute and child custody issue.

5. Mr. Morales with Plaintiff S.M. in arms stepped out of the hotel onto the city sidewalk and proceeded to walk to his car. Suddenly, two yet-to-be-identified officers come from behind Mr. Morales and attempted to pull one of his arms behind his back, nearly causing him to lose hold of his infant child. Unable to see whom the persons were, Mr. Morales was fearful he was being mugged and began to pull away for his and his child's safety. Once Mr. Morales noticed it was a law enforcement officer he began to question their reasons for trying to detain him, not having committed any crime.

6. The officers then began to falsely accuse Mr. Morales of kidnapping his child and evading the police. Mr. Morales attempted to clarify that it was his biological child and he was waiting for his fiancé. The Officers refused to believe Mr. Morales and continued to detain and grab him while he was holding his child thus endangering the child.

7. The Officers did not allow Mr. Morales to leave and continued to make physical threats as he held his child in his arms. After some time, Ms. Chau and her sister saw Mr. Morales and the situation occurring. Ms. Chau and Mr. Morales attempted to explain to the officers that Mr. Morales was indeed the biological father of the child and that Ms. Chau was the biological mother. The officer continued to act aggressively towards the plaintiffs in a threatening manner. Mr. Morales and Ms. Chau continued their efforts to explain the situation to the Officers when they finally acknowledged the situation and allowed them to leave.

## JURISDICTION

8. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of San Francisco, in San Francisco County, California, which is within this judicial district.

## PARTIES

9. Plaintiff Steve Morales (hereinafter "Plaintiff Morales") is a competent adult, a resident of San Francisco, California, and a citizen of the United States. Plaintiff is the biological father of minor S.M.

10. Plaintiff S.M. (hereinafter "S.M.") is a minor and brings this suit by and thru guardian ad litem, WENDY CHAU. S.M. is the biological child of Plaintiff Chau and Plaintiff Morales.

11. Defendant HILTON EMPLOYER INC., is and at all times herein mentioned a corporation duly organized and existing under the laws of the State of California that manages and operates the HILTON HOTEL business and its employees at 750 Kearny Street, San Francisco, California.

12. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "Defendant CCSF") is a municipal public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CCSF has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Francisco Police Department and its tactics, methods, practices, customs, and usage. At all relevant times, Defendant CCSF was the employer of DOES 1-25, individually and as law enforcement officers.

13. Plaintiffs are ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 25, inclusive. Plaintiffs will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiffs. Plaintiffs are informed and believes, and thereon alleges that DOES 1 through 25, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 25, inclusive, when they have been ascertained.

14. Plaintiffs are ignorant of the true names and capacities of Defendants DOES 26 through 50, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named was employed by Defendant CCSF at the time of the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 were responsible for the training, supervision and/or conduct of the police deputies and/or agents involved in the conduct alleged herein. Plaintiffs allege that each of Defendants DOES 26 through 50 was also responsible for and caused the acts and injuries alleged herein. Plaintiffs will amend this Complaint to state the names and capacities of DOES 26 through 50, inclusive, when they have been ascertained.

15. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY AND COUNTY OF SAN FRANCISCO and/or HILTON EMPLOYER INC.

16. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

17. Due to the acts and/or omissions alleged herein, Defendants, and each of them, act as the agent, servant, and employee and/or concert with each of said other Defendants herein.

18. Plaintiffs filed a timely government tort claim and the CITY AND COUNTY OF SAN FRANCISCO rejected the claim by operation of law.

## FACTUAL ALLEGATIONS

19. On May 28, 2020, Wendy Chau was at the Hilton Hotel located at 750 Kearny Street in San Francisco California. Ms. Chau's sister was visiting from out of town and staying at the Hotel. Ms. Chau and her sister arrived at the Hilton around 11:00 a.m. and checked-in. Ms. Chau and her sister left the hotel and returned in the evening with Ms. Chau's toddler, Plaintiff

S.M. Neither Ms. Chau nor her sister had an issue entering the hotel nor had they been asked by security or any hotel employee to verify their identification upon returning.

20. Later that evening, Plaintiff Steve Morales, went to the Hilton Hotel to meet with his fiancé, Plaintiff Wendy Chau, their child Plaintiff S.M., and Ms. Chau's sister.

21. Mr. Morales noticed that the hotel had a mask mandate and put on his mask to enter the hotel. As he was walking through the hotel he noticed no one else was wearing a mask. Mr. Morales was unsure how to get to the hotel room, asked the hotel security guard for directions to the elevator. The security guard questioned Mr. Morales about being a registered guest and he explained he was not a registered guest but visiting a registered guest. The registered hotel guest, Ms. Chaus's sister, met Mr. Morales and they both went up the elevator and to the hotel room.

22. After a visiting, Mr. Morales left with his child to go to his car to wait for Ms. Chau and her sister. As he walked out the hotel with his daughter in one arm and a bag in another, a friend in the lobby met him and they both proceeded to walk out to the car. Unknown to Mr. Morales, the Hilton Hotel staff called the police and reported a white male, 30 years old with a possible domestic dispute and child custody issue.

23. Mr. Morales with Plaintiff S.M. in arms stepped out of the hotel onto the city sidewalk and proceeded to walk to his car. Suddenly, two yet-to-be-identified officers come from behind Mr. Morales and attempt to pull one of his arms behind his back, nearly causing him to lose hold of his infant child. Unable to see whom the persons were, Mr. Morales was fearful he was being mugged and began to pull away for his and his child's safety. Once Mr. Morales noticed it was an Officer he began to question their reasons for trying to detain him, not having committed any crime.

24. The officers then began to falsely accuse Mr. Morales of kidnapping his child and evading the police. Mr. Morales explained that it was his biological child and he was waiting for his fiancé. The Officers continued to detain and grab him while he was holding his child thus endangering the child.

25. The Officers did not allow Mr. Morales to leave and got in Mr. Morales face and continued to make physical threats as he held his child in his arms. After some time, Ms. Chau saw Mr. Morales and the situation occurring. Ms. Chau and Mr. Morales attempted to explain to the officers that Mr. Morales was indeed the biological father of the child and that Ms. Chau was the biological mother. The Officer continued to act aggressively towards the plaintiffs. Mr. Morales and Ms. Chau continued their efforts to explain the situation to the Officers when they finally acknowledged the situation and allowed them to leave.

## DAMAGES

26. As a consequence of Defendants' violations of Plaintiffs' federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiffs were physically, mentally, emotionally, and financially injured and damaged as a proximate result of Defendants' wrongful conduct.

27. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that they are the prevailing parties in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiffs are also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION**
**(Fourth Amendment – Unlawful Detention/Arrest under 42 U.S.C. Section 1983)**
*(PLAINTIFF MORALES against DOES 1-25)*

28. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

29. When Defendants stopped Plaintiff Morales and detained him without any reasonable suspicion and/or probable cause to detain Plaintiff and issued no lawful warnings and/or instructions.

30. Defendants continued to detain Mr. Morales after explaining that he was not being charged for any crime.

31. Furthermore, Plaintiff had not committed any crimes. Therefore, Defendants' detention of Plaintiff was an unlawful seizure that violated both his training and Plaintiffs' constitutional rights under the Fourth Amendment.

32. As a result of their misconduct, Defendants are liable for Plaintiffs' injuries and detention.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
**(Fourth Amendment – Excessive Force under 42 U.S.C. Section 1983)**
*(PLAINTIFF MORALES against DOES 1-25)*

33. Plaintiffs hereby re-allege and incorporate by reference each and every paragraph of this Complaint.

34. When Defendants stopped Plaintiff Morales and detained him without any reasonable suspicion and/or probable cause to detain Plaintiff and issued no lawful warnings and/or instructions.

35. Defendants then placed hands and grabbed at Mr. Morales when they have absolutely no lawful basis to use any force at all.

36. Furthermore, Plaintiff had not committed any crimes. Therefore, Defendants' touching and use of any force, even control holds, was excessive force that violated both his training and Plaintiffs' constitutional rights under the Fourth Amendment.

37. As a result of their misconduct, Defendants are liable for Plaintiffs' injuries and detention.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Assault – Violation of CALIFORNIA PENAL CODE § 242)**
*(PLAINTIFF MORALES against DEFENDANT CCSF and DOES 1-25)*

38. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

39. Defendant, while working as an employee for the Defendant CCSF police department, and acting within the course and scope of their duties, intentionally assaulted Plaintiff without a lawful basis by threatening force, grabbing and then continually seizing, touching and pulling on Plaintiff while holding Plaintiff S.M. in his arms.

40. As a result of the actions of the Defendant, Plaintiff suffered injury. Defendant and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out his duties was an unreasonable use of force.

41. Defendant CCSF is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

42. As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injury and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Battery – Violation of CALIFORNIA PENAL CODE § 242)
*(PLAINTIFF MORALES against DEFENDANT CCSF and DOES 1-25)*

43. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

44. Defendant, while working as an employee for the Defendant CCSF police department, and acting within the course and scope of their duties, intentionally assaulted Plaintiff without a lawful basis by grabbing and then continually seizing, touching and pulling on Plaintiff while holding Plaintiff S.M. in his arms.

45. As a result of the actions of the Defendant, Plaintiff suffered injury. Defendant and Does did not have legal justification for using force against Plaintiff, and Defendants' use of force while carrying out his duties was an unreasonable use of force.

46. Defendant CCSF is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

47. As a direct and proximate result of Defendants' battery of Plaintiff, Plaintiff sustained injury and damages, and is entitled to relief as set forth above.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
1901 Harrison St., Ste. 1140, Oakland, CA 94612
Tel: (510) 929 - 5400

**FIFTH CAUSE OF ACTION**
**(Negligence)**
(*PLAINTIFF against DEFENDANTS CCSF, HILTON EMPLOYER INC. and DOES 1-25*)

48. Plaintiff hereby re-alleges and incorporate by reference each and every paragraph of this Complaint except any reference to intentional conduct.

49. At all times, Defendants CCSF, HILTON and Does owed Plaintiff the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

50. DEFENDANT HILTON had a duty to not make false police reports against against Plaintiffs and endanger them.

51. At all times, Defendants CCSF, HILTON and Does owed Plaintiff the duty to act with reasonable care.

52. These general duties of reasonable care and due care owed to Plaintiff by Defendant CCSF include but are not limited to the following specific obligations:

   a. to refrain from using excessive and/or unreasonable force against Plaintiff;

   b. to refrain from unreasonably creating the situation where force, including but not limited to excessive force, is used;

   c. to refrain from abusing their authority granted them by law;

   d. to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

53. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiff.

54. Defendants are vicariously liable for the wrongful acts and omissions of its employees and agents pursuant to Cal. Gov. Code section 815.2.

55. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above.

### SIXTH CAUSE OF ACTION
### (False Imprisonment/Illegal Detention)
*(PLAINTIFF MORALES against DEFENDANT CCSF and DOES 1-25)*

56. Plaintiff hereby re-alleges and incorporates by reference each and every paragraph of this Complaint.

57. Defendants and DOES 1-25 detained and assaulted Plaintiff without just cause and under false pretenses. Defendants restrained, detained, and/or confined Plaintiff without his consent or a lawful basis for a significant period of time.

58. As a result of the Defendants and Does 1-50 unlawful confinement, Plaintiff suffered emotional distress and physical injury.

59. Defendant CCSF is vicariously liable, pursuant to California Government Code § 815.2, for the violation of rights by its employees and agents.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth

### SEVENTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)
*(PLAINTIFF S.M. against DEFENDANT CCSF and DOES 1-25)*

60. Plaintiffs re-allege and incorporate by reference each and every paragraph of this Complaint.

61. Plaintiffs S.M., witnessed defendants' above-described conduct and injuries to Plaintiff Morales. Defendants threatened, assaulted and accosted minor Plaintiffs' biological father, Plaintiff Morales, while Plaintiff S.M. was in his arms, which the toddler saw and heard causing serious emotional distress. Indeed, Plaintiffs' child watched Defendant Does continually grab, pull, as well as, physically and verbally harass her father.

62. In engaging in the above-described conduct, Defendants' negligence was a substantial factor in causing Plaintiffs serious emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

63. Plaintiff hereby demands a jury trial in this action.

## PRAYER

Wherefore, Plaintiffs pray for relief, as follows:

1. For general damages in a sum according to proof;
2. For special damages in a sum according to proof;
3. For punitive damages against DOES 1-50;
4. All other damages, penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, Cal. Civil Code §§ 52 et seq., 52.1, and as otherwise may be allowed by California and/or federal law against Defendant CITY AND COUNTY OF SAN FRANCISCO and its employees.
5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

Date: May 25, 2021                  Respectfully submitted,

**POINTER & BUELNA, LLP**

**LAWYERS FOR THE PEOPLE**

/s/ Patrick Buelna
PATRICK M. BUELNA
ADANTE D. POINTER
COUNSEL FOR PLAINTIFF