# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California

## CIVIL MINUTES

**Date:** October 7, 2021     **Time:** 3:45-4:13 = 28 Minutes     **Judge:** EDWARD M. CHEN

**Case No.:** 21-cv-03957-EMC     **Case Name:** Morales v. City and County of San Francisco

**Attorney for Plaintiff:** Patrick Buelna
**Attorney for Defendant:** Edmund Wang

**Deputy Clerk:** Angella Meuleman     **Court Reporter:** Recorded

### PROCEEDINGS HELD BY ZOOM WEBINAR

[17] Motion to Dismiss;
Initial Case Management Conference held.

### SUMMARY

Parties stated appearances and proffered argument.

Motion to Dismiss:

Defendant moves to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

As a preliminary matter, discretionary immunity does not apply to this case. While California Government Code § 820.2 affords immunity for "discretionary" acts (i.e. basic policy decisions), it does not provide immunity for "operational" decisions (i.e. implementations of those decisions) by police officers. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 487 (9th Cir. 2007)); *Johnson v. State*, 69 Cal. 2d 782 (1968). Non-discretionary, operational acts by police officers include the decision to arrest a person and using unreasonable force when making an arrest. *Gillan v. City of San Marino*, 147 Cal. App. 4th 1033, 1051 (2007); *Scruggs v. Haynes* 252 Cal.App.2d 256, 264–268 (1967). Therefore, Defendant can be vicariously liable if police officers used excessive force. Cal. Gov't Code §§ 815.2, 820; Blankenhorn, 485 F.3d at 487.

Plaintiff alleges only state law claims for assault, battery, false imprisonment, negligence, and negligent infliction of emotional distress. The parties agree that California courts have recognized that actions under § 1983 in police cases are the federal counterpart to state claims and that state law claims against the police effectively incorporate e.g. the "reasonable force"

standard under federal law.  *Edson v. City of Anaheim, 63 Cal. App. 4th 1269, 1274 (1998)*; *Johnson v. County of Los Angeles*, 340 F.3d 787, 794 (9th Cir. 2003); *Susag v. City of Lake Forest*, 94 Cal. App. 4th 1401, 1415 (2002).  The parties have also discussed the law exclusively in terms of the Fourth Amendment and agree that it applies to this case, as stated in the record.  Therefore, the Court looks to the constitutional standard to evaluate Plaintiff's state claims.

Two issues pertain to this motion.  The first is whether there was sufficient cause for detention.  Relevant to the reasonable detention question is whether there was reasonable suspicion to justify the initial detention and whether there was cause to detain beyond the initial stop.  Plaintiff admits and does not dispute that there was cause (reasonable suspicion) for detention initially;  however, he alleges that any suspicion was dissipated by the statements by the child's mother when she appeared.  However, Plaintiff does not adequately allege that he was detained beyond that point how long any such detention lasted.  To survive a motion to dismiss, Plaintiff must allege enough underlying facts to allow a plausible inference of liability.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Therefore, Plaintiff fails to plead sufficient facts for the claims relating to unreasonable detention.

The second issue is whether the use of force by the police officers amounted to unreasonable force.  Plaintiff argues that Defendant continued to use force and threatened force.  However, Plaintiff provides no specific allegations of any use of force beyond the initial grab of his arm.  A claim of a chest bump and yelling face to face does not appear to constitute a use of force to detain.  The allegations in the FAC are conclusory and insufficient to state a plausible claim of unreasonable force.

Accordingly, and for the reasons stated on the record, the Court **GRANTS** Defendant's Motion to dismiss with leave to amend.  The Amended Complaint is due within 30 days of this order.

Initial Case Management Conference:

ADR: Court **REFERS** parties to a Magistrate Judge Settlement Conference, to occur within 90-120 days.

**Further Case Management Conference set November 30, 2021 at 2:30PM.  Joint case management conference statement due November 23, 2021.**