OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL MINUTES

**Date:** January 20, 2022　　**Time:** 3:10-3:40=　　**Judge:** EDWARD M. CHEN
　　　　　　　　　　　　　　　　30 Minutes

**Case No.**: 3:21-cv-03957-EMC　　**Case Name:** Morales et al. v. City and County of San Francisco et al.

**Attorneys for Plaintiffs:** Patrick Buelna and Ty Clarke

**Attorneys for Defendants:** Edmund Wang (City and Co. of San Francisco); Mark Heisey (Justice Operating Company, LLC)

**Deputy Clerk:** Vicky Ayala　　**Court Reporter:** Marla Knox

PROCEEDINGS HELD BY ZOOM WEBINAR

Motion to Dismiss and Further Case Management Conference.

SUMMARY

Defendants City and County of San Francisco ("CCSF") and Justice Operating Company, LLC (the "Hilton Hotel") move to dismiss Plaintiff's Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted.

The motion only pertains to state law claims for assault, battery, false imprisonment, negligence, and negligent infliction of emotional distress. In the October 7, 2021 hearing, this Court established, and the parties agree that: (1) CCSF can be vicariously liable if police officers unlawfully detained Plaintiff and/or used excessive force against him under the California Government Code, and (2) the Fourth Amendment's reasonableness standard applies to the state law claims in police cases. *See* Docket No. 24 at 1; Cal. Gov't Code § 815.2.

Two issues pertain to CCSF's motion. The first is whether there was reasonable suspicion to justify the detention. Plaintiff alleges that the police claimed that the Hilton Hotel had called to report a domestic dispute and possible child custody issue, and that the Hilton Hotel told them Plaintiff was not allowed to take the child Plaintiff was carrying. Docket No. 29 ("SAC") at 5. Plaintiff argues that the officers fabricated such claims because the dispatch records do not reflect such a call. *Id.* However, Plaintiff also accuses Hilton Hotel of making false police reports, making his allegations against CCSF and the Hilton Hotel difficult to reconcile. Plaintiff purports that the two claims can be separated as two incidents such that the claims are not inconsistent. At the hearing Plaintiff contended that Hilton staff profiled and targeted him but did not accuse him of child abduction; picking up on his being targeted, the police officers then detained Plaintiff and accused him of child abduction without any basis. However, these allegations are not contained in the complaint. Therefore, Plaintiff's SAC fails to "give fair notice and . . .

enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014)). As such, Plaintiff fails to plead sufficient facts for the claims relating to unreasonable detention.

The second issue is whether the use of force by the police officers amounted to unreasonable force. Since the prior dismissed complaint which alleged a grab of the arm and a chest bump, Plaintiff adds that the officers "twisted his arm." However, Plaintiff fails to allege any injury or pain associated with the arm twist or describe any force as violent or aggressive. *See Berry v. City & Cty. of San Francisco*, No. 17-CV-00056-EDL, 2017 WL 10487546, at *6 (N.D. Cal. Dec. 29, 2017) ("Minimal injury does not defeat a claim of excessive force by itself, but the degree of injury can be indicative of the amount of force that was applied, which is one factor in the reasonableness determination."). Therefore, the allegations in the SAC are insufficient to state a claim of excessive force. In addition, Plaintiff concedes that the excessive force claim turns on the unlawful detention claim; it lies to the extent the policy had no basis to detain Plaintiff.

Accordingly, and for the reasons stated on the record, the Court GRANTS CCSF's Motion to dismiss with leave to amend.

Plaintiff also asserts a negligence claim against the Hilton Hotel, arguing that the hotel had a duty to not make false police reports. However, Plaintiff fails to plead sufficient facts against Hilton Hotel for the same reasons as above, and the Court GRANTS Hilton Hotel's Motion to dismiss with leave to amend.

If Plaintiff files a Third Amended Complaint, it is due within 30 days of the hearing in which the Court announced the order.

Court set a **Status Conference on March 29, 2022, at 2:30 p.m.** Joint Status Report **due by March 22, 2022.**