1  DAVID CHIU, State Bar #189542
   City Attorney
2  MEREDITH B. OSBORN, State Bar #250467
   Chief Trial Deputy
3  EDMUND T. WANG, State Bar #278755
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Sixth Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3857
6  Facsimile:     (415) 554-3837
   E-Mail:        edmund.wang@sfcityatty.org
7
   Attorneys for Defendant
8  CITY AND COUNTY OF SAN FRANCISCO

9                  UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  STEVE MORALES an individual; and S.M. a        Case No. 3:21-cv-03957-EMC
    minor, by and through their guardian ad litem,
13  WENDY CHAU,                                    **CITY AND COUNTY OF SAN FRANCISCO'S
                                                   NOTICE OF MOTION AND MOTION TO
14          Plaintiffs,                            DISMISS PLAINTIFFS' THIRD AMENDED
                                                   COMPLAINT**
15          vs.
                                                   Hearing Date:    April 14, 2022
16  CITY AND COUNTY OF SAN                         Hearing Judge:   Hon. Edward M. Chen
    FRANCISCO, a municipal corporation;            Time:            1:30 p.m.
17  HILTON EMPLOYER INC., a corporation;           Place:           Courtroom 5 – 17th Floor
    and DOES 1-50, inclusive,
18                                                 Date Action Filed:  May 25, 2021
            Defendants.                            Trial Date:         Not Set
19

20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

NOTICE OF MOTION AND MOTION TO DISMISS ..................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................... 2

I. INTRODUCTION ..................................................................................... 2

II. RELEVANT PROCEDURAL HISTORY ............................................... 3

 A. The City Moves to Dismiss the Initial Complaint; Plaintiffs Amend.......... 3

 B. The Court Grants the City's Motion to Dismiss the First Amended Complaint.................................................................................................. 3

 C. The Court Grants the City's Motion to Dismiss the Second Amended Complaint.................................................................................................. 3

 D. Plaintiffs File the Third Amended Complaint, Which Remains Deficient.. 4

III. PLAINTIFFS' FACTUAL ALLEGATIONS ......................................... 5

 A. Morales Arrives at the Hotel at Night, Alone; Argues with Hotel Security. ..................................................................................................... 5

 B. Morales Leaves with a Child with Whom He Had Not Arrived With; Officer Fong and Officer Lau Conduct an Investigatory Stop. .................. 5

 C. Hotel Security Had Reported Morales to the Police for a "Domestic Dispute and Child Custody Issue." ........................................................... 6

 D. The Officers Detain Morales Briefly Until Their Suspicions Are Dispelled. ................................................................................................. 6

IV. LEGAL STANDARD............................................................................... 7

V. ARGUMENT AND AUTHORITY .......................................................... 8

 A. Morales's Unlawful Detention/Arrest Claim Fails Because the Officers Had Reasonable Suspicion for an Investigatory Stop................................ 8

 B. Morales's Excessive Force Claim Against the Officers Fails Because They Used Objectively Reasonable Force. ............................................... 12

 C. Plaintiffs' State Law Tort Claims Against Officer Fong, Officer Lau, and the City Fail for the Same Reasons Their Section 1983 Claims Against the Officers Fail. ........................................................................ 13

 D. The Court Should Deny Plaintiffs Leave to Amend................................. 15

1

## **TABLE OF AUTHORITIES**

**State Cases**

*Easton v. Sutter Coast Chop*
    80 Cal. App. 4th 485 (Cal. Ct. App. 2000) ...................................................................14

*Edson v. City of Anaheim*
    63 Cal. App. 4th 1269 (Cal. Ct. App. 1998) ...............................................................14

*Hernandez v. City of Pomona*
    46 Cal. 4th 501 (Cal. 2009)........................................................................................14

*In re Gregory S.*
    112 Cal. App. 3d 764 (Cal. Ct. App. 1980) ...............................................................12

**State Statutes & Codes**

California Penal Code § 207 ...........................................................................................10

California Penal Code § 278 ...........................................................................................10

**Federal Cases**

*Arpin v. Santa Clara Valley Transp. Agency*
    261 F.3d 912 (9th Cir. 2001) ................................................................................12, 15

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)........................................................................................................7

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544 (2007)..............................................................................................4, 7, 10

*Carr v. City of Redondo Beach*
    275 Fed. App'x 592 (9th Cir. 2008) ........................................................................9, 14

*Cole v. Sunnyvale*
    2010 WL 532428 (N.D. Cal. Feb. 9, 2010) ........................................................7, 8, 10

*Gallegos v. City of Los Angeles*
    308 F.3d 987 (9th Cir. 2002) ..................................................................................2, 11

*Graham v. Connor*
    490 U.S. 386 (1989)......................................................................................................12

*Helmantoler v. City of Concord*
    2015 WL 3613558 (N.D. Cal. June 9, 2015 ...............................................................14

*Johnson v. Barker*
    799 F.2d 1396 (9th Cir. 1986) ....................................................................................12

*Juricich v. Cty. of San Mateo*
    2021 WL 308607 (N.D. Cal. Jan. 29, 2021)..........................................................14, 15

*Lopez v. Cty. of Riverside*
2016 WL 423763 (C.D. Cal. Jan. 5, 2016) ...................................................................12, 13

*McKenna v. WhisperText,*
2015 WL 5264750 (N.D. Cal. Sept. 9, 2015) ..................................................................8, 10

*Moortgat v. Cty. of San Joaquin,*
2010 WL 3582430 (E.D. Cal. Sept. 9, 2010) ........................................................................12

*Navarette v. California*
572 U.S. 393 (2014) ................................................................................................................9

*Ortega v. City of Oakland*
2008 WL 4532550 (N.D. Cal. Oct. 8, 2008) ..................................................................14, 15

*Parrino v. FHP, Inc.*
146 F.3d 699 (9th Cir. 1998) .................................................................................................11

*Price v. County of San Diego*
990 F. Supp. 1230 (S.D. Cal. 1998) ......................................................................................14

*Reddy v. Litton Ind., Inc.*
912 F.2d 291 (9th Cir. 1990) .................................................................................................15

*Rodarte v. Alameda Cty.*
2015 WL 5655403 (N.D. Cal. Sept. 24, 2015) ......................................................................14

*Stanislaus Food Prod. Co. v. USS-POSCO Ind.*
782 F. Supp. 2d 1059 (E.D. Cal. 2011) ........................................................................4, 8, 10

*Terry v. Ohio*
392 U.S. 1 (1968) ..............................................................................................................8, 12

*United States v. Arvizu*
534 U.S. 266 (2002) ................................................................................................................9

*United States v. Brown*
996 F.3d 998 (9th Cir. 2021) ...................................................................................................9

*United States v. Edwards*
761 F.3d 977 (9th Cir. 2014) ...................................................................................................9

*United States v. Sokolow*
490 U.S. 1 (1989) ................................................................................................................8, 9

*United States v. Vandergroen*
964 F.3d 876 (9th Cir. 2020) ...................................................................................................9

**NOTICE OF MOTION AND MOTION TO DISMISS**

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that April 14, 2022 at 1:30 p.m., or as soon thereafter as the matter may be heard by District Judge Edward M. Chen in Courtroom 5 – 17th Floor of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, California, Defendant City and County of San Francisco (the "City") will and hereby does move for an order dismissing this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is made on the ground that the allegations in the Third Amended Complaint fails to state a claim upon which relief can be granted against the City. Specifically, Plaintiffs do not allege facts showing that Defendant Officer Russell Fong or Defendant Officer Ryan Lau unlawfully detained Plaintiffs in violation of the Fourth Amendment (First Cause of Action) or used excessive force in violation of the Fourth Amendment (Second Cause of Action), and thus also fail to allege facts showing that Officer Fong, Officer Lau, or the City are liable for the state law claims of assault (Third Cause of Action), battery (Fourth Cause of Action), negligence (Fifth Cause of Action), false imprisonment (Sixth Cause of Action), and negligent infliction of emotional distress (Seventh Cause of Action).

This motion is based on this Notice and Motion to Dismiss, the Memorandum of Points and Authorities, the pleadings and papers in this action, and such other argument or evidence that may be presented to the Court.

Dated:  March 8, 2022

> DAVID CHIU
> City Attorney
> MEREDITH B. OSBORN
> Chief Trial Deputy
> EDMUND T. WANG
> Deputy City Attorney
>
> By: *///s/// Edmund T. Wang*
> EDMUND T. WANG
>
> Attorneys for Defendant
> CITY AND COUNTY OF SAN FRANCISCO

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Despite Steve Morales, and S.M., a minor, by and through their guardian ad litem, Wendy Chau's (collectively, "Plaintiffs") latest attempt at artful pleading, the alleged facts underlying their claims remain the same. And those facts still establish an alleged investigatory stop gone right. Upon receiving a police report from hotel staff against Morales for a "domestic dispute and child custody issue," two San Francisco police officers, Defendants Officer Russell Fong and Officer Ryan Lau (collectively, the "Officers"), responded, saw Morales leaving the hotel and walking to his car with the child, S.M., stopped him, and questioned him. Once the Officers understood that the suspect had the right to the child, they let him go. "[T]his investigative stop worked as it should. The detention was brief, calculated solely to make sure they had the right man, and resulted in [the suspect]'s prompt vindication." *Gallegos v. City of Los Angeles*, 308 F.3d 987, 992 (9th Cir. 2002). Yet this is all Plaintiffs allege—which fails to state any claim of relief that is plausible on its face against Officer Fong, Officer Lau, or Defendant City and County of San Francisco (the "City").

This is Plaintiffs fourth attempt to state a claim. But Plaintiffs have not alleged any new non-conclusory material facts. Rather, Plaintiffs have *removed* allegations to try to pretend the hotel security never reported Morales to the police for a "domestic dispute and child custody issue"—which they did. The Court, however, need not ignore Plaintiffs' prior allegations when evaluating Plaintiff's Third Amended Complaint ("TAC").

The Officers acted lawfully and well within the confines of the Fourth Amendment. The Officers had reasonable suspicion to stop Morales as he was leaving the hotel with S.M. based on the police report of a "child custody issue" from the hotel that Morales was abducting a child. And it was objectively reasonable for the Officers to grab and twist Morales's arm to stop him from getting to his car with S.M. so that they could investigate the hotel's police report. Because the Officers' conduct was lawful, Plaintiffs also fail to state a claim for false imprisonment, assault, battery, negligence, or negligent infliction of emotional distress under California law against Officer Fong and Officer Lau; which means their state law tort claims—false imprisonment, assault, battery, negligence, and

negligent infliction of emotional distress—against the City based on the theory of *respondeat superior* also fail. The Court should grant the City's motion to dismiss.

## II.     RELEVANT PROCEDURAL HISTORY

### A.     The City Moves to Dismiss the Initial Complaint; Plaintiffs Amend.

Plaintiffs filed their initial complaint ("Compl.") on June 17, 2021. ECF No. 7. On July 30, 2021, City moved to dismiss it. ECF No. 10. Rather than oppose the City's motion, Plaintiffs' opted to file an amended complaint and did so on August 13, 2021. *See* ECF Nos. 14, 15. The relevant factual allegations in Plaintiffs' First Amended Complaint ("FAC"), however, were essentially identical to those in their initial complaint. *Compare* ECF No. 7, Compl. ¶¶ 19-25 *with* ECF No. 14, FAC ¶¶ 19-25. Accordingly, the City filed a motion to dismiss the FAC on August 27, 2021. ECF No. 17. And the arguments and authority in the City's motion to dismiss the FAC were identical to the arguments and authority in the City's motion to dismiss the initial complaint. *Compare* ECF No. 10 *with* ECF No. 17. In other words, Plaintiffs were aware of the deficiencies with their allegations when they filed their FAC and yet did nothing to address them.

### B.     The Court Grants the City's Motion to Dismiss the First Amended Complaint.

The Court granted the City's motion to dismiss the FAC on December 7, 2021. ECF No. 24, Civil Minutes. The Court found that "[t]wo issues pertain[ed] to th[e] motion." *Id.* at 2. First, "whether there was sufficient cause for detention." *Id.* And second, "whether the use of force by the police officers amounted to unreasonable force." *Id.* As to the first issue, the Court found that "Plaintiff does not adequately allege that he was detained beyond that point" when the Officer's "suspicion was" allegedly "dissipated by the statement by the child's mother when she appeared," or "how long any such detention lasted." *Id.* With respect to the second issue, the Court found that "Plaintiff provides no specific allegations of any use of force beyond the initial grab of his arm" and that "a chest bump and yelling face to face does not appear to constitute a use of force to detain." *Id.*

### C.     The Court Grants the City's Motion to Dismiss the Second Amended Complaint.

Plaintiffs filed a Second Amended Complaint ("SAC") on November 8, 2021. ECF No. 29. The relevant factual allegations in Plaintiffs' SAC, however, are still the same as those in the initial complaint and FAC. *Compare* ECF No. 7, Compl. ¶¶ 22-25 *and* ECF No. 14, FAC ¶¶ 23-25, *with* ECF

No. 29, SAC ¶¶ 12-19. Plaintiffs add no new non-conclusory factual allegations in their SAC. Rather, Plaintiffs omitted certain details that were alleged in prior pleadings. *Compare* ECF No. 7, Compl. ¶ 22 (alleging "the Hilton Hotel staff called the police") *and* ECF No. 14, FAC ¶¶ 22 (alleging same), *with* ECF No. 29, SAC ¶ 15 (omitting said allegation in otherwise identical paragraph).

Plaintiffs' attempt at artful pleading, however, did not save Plaintiffs' complaint from dismissal. The Court found that Plaintiffs' allegations "accus[ing] Hilton Hotel of making false police reports" was "difficult to reconcile" with Plaintiffs' allegations that the Officer "fabricated" that "the Hilton Hotel had called to report a domestic dispute and possible child custody issue." ECF No. 49, Civil Minutes, at 1. The Court noted that "[a]t the hearing Plaintiff contended that Hilton staff profiled and targeted him but did not accuse him of child abduction" and that the Officers "then detained Plaintiff and accused him of child abduction without any basis. However, these allegations are not contained in the complaint." *Id.* With respect to Plaintiffs claims of excessive force, the Court found that the allegations of "a grab of the arm and a chest bump" and that "officers 'twisted his arm,'" without any allegations of "injury or pain associated with the arm twist or describe any force as violent or aggressive," were "insufficient to state a claim of excessive force." *Id.* at 2. Further, the Court found that "Plaintiff concedes that the excessive force claim turns on the unlawful detention claim; it lies to the extent the polic[e] had no basis to detain Plaintiff." *Id.* at 2.

### D. Plaintiffs File the Third Amended Complaint, Which Remains Deficient.

Plaintiffs have now filed a Third Amended Complaint ("TAC"). ECF No. 52. The relevant factual allegations in Plaintiffs' TAC, however, are still the same as those in prior complaints. *Compare* ECF No. 7, Compl. ¶¶ 22-25 *and* ECF No. 14, FAC ¶¶ 23-25 *and* ECF No. 29, SAC ¶¶ 12-19, *with* ECF No. 52, TAC ¶¶ 13-24. The only real difference in the TAC is Plaintiffs' dismissal of Hilton Hotel as a defendant, and the removal of their allegations about Hilton Hotel's police report. In other words, rather than allege facts that plausibly suggest a cause of action, Plaintiffs instead seek to further obfuscate the factual allegations underlying their causes of action—this is the opposite of what *Twombly/Iqbal* requires. The Court should not reward such gamesmanship. *See, e.g.*, *Stanislaus Food Prod. Co. v. USS-POSCO Ind.*, 782 F. Supp. 2d 1059, 1075 (E.D. Cal. 2011) ("The Court does not ignore the prior allegations in determining the plausibility of the current pleadings" (citation omitted)).

Def. CCSF's MTD Plfs.' TAC
Morales v. CCSF, et al., No. 21-cv-03957-EMC
4
n:\lit\li2021\210955\01587001.docx

Plaintiffs still fail to allege facts that plausibly suggest Morales was detained any longer than reasonable; and still fail to allege any conduct that would constitute a use of force.

## III.    PLAINTIFFS' FACTUAL ALLEGATIONS

### A.    Morales Arrives at the Hotel at Night, Alone; Argues with Hotel Security.

Plaintiffs allege that in the evening on May 28, 2020, Plaintiff Steven Morales "went to the Hilton Hotel located at 750 Kearny Street in San Francisco, California" to meet his fiancée, Wendy Chau, their child, Plaintiff S.M., and Chau's sister. ECF No. 52, TAC ¶¶ 13, 14. Chau, S.M., and Chau's sister were already at the hotel. *Id.* at ¶ 13. Morales arrived at the hotel alone. *See id.* at ¶¶ 13-15. Morales was not a registered hotel guest. *See id.* at ¶ 15. Hotel security "questioned Mr. Morales about being a registered guest" and Morales told hotel security that "he was not a registered guest but visiting a registered guest." *Id.* Plaintiff alleges that "[t]he registered hotel guest, Ms. Chau's sister, met Mr. Morales and they both went up the elevator and to the hotel room." *Id.*

### B.    Morales Leaves with a Child with Whom He Had Not Arrived With; Officer Fong and Officer Lau Conduct an Investigatory Stop.

Later that evening, Morales left with S.M. "to go to his car to wait for Ms. Chau and her sister." *Id.* at ¶ 16. Morales was alone with the child—who was not with Morales when he encountered hotel security on his way into the hotel. *See id.* at ¶¶ 13-16. As Morales "walked out the hotel" with S.M., "a friend in the lobby met him and they both proceeded to walk out to the car." *Id.* at ¶ 16.

As Morales was leaving the hotel with S.M.—a child who, again, was not with him when he arrived at the hotel—"Defendants Russell Fong and Ryan Lau, who were both officers of the San Francisco Police Department, came from behind Mr. Morales and jerked one of his arms behind his back." *Id.* at ¶ 17. Plaintiffs allege that the Officers "grabbed and twisted Mr. Morales' arm" and "told him he was being detained." *Id.* at ¶ 18. Plaintiffs allege he "permitted the officers to twist one of his arm." *Id.* The Officers told Morales "he was seen having an argument with his wife and asked who the baby was to him." *Id.* at ¶ 19. The Officers also told him that "a hotel employee told them that Mr. Morales was not allowed to take the baby." *Id.* at ¶ 18.

### C.   Hotel Security Had Reported Morales to the Police for a "Domestic Dispute and Child Custody Issue."

Plaintiffs now assert the conclusory allegations that "[o]n information and belief, Defendants Fong and Lau had no information or reasonable suspicion that Mr. Morales' daughter was not his child." ECF No. 52, TAC ¶ 20. But while Plaintiffs have now omitted the details from their TAC, their prior pleadings make clear that hotel security had reported Morales to the police for "a possible domestic dispute and child custody issue." ECF No. 7, Compl. ¶ 22; ECF No. 14, FAC ¶ 22; *see also* ECF No. 29, SAC ¶¶ 44, 47 (alleging hotel security ""ma[d]e false police reports against Plaintiffs"); ECF No. 19, Pls. Opp. to Mot. to Dismiss at 4 ("Plaintiffs agree that the Officers had reasonable suspicion to *initially* detain Plaintiff Morales"); ECF No. 24, Civil Minutes at 2 ("Plaintiff admits and does not dispute that there was cause (reasonable suspicion) for detention initially."); ECF No. 49, Civil Minutes at 1 ("Plaintiff also accuses Hilton Hotel of making false police reports").

Plaintiffs also previously alleged that "the Computer Automated Dispatch does not reflect the report of a child custody issue coming into the police." ECF No. 29, SAC ¶ 17. Plaintiffs have removed this allegation; and for good reason. The audio from "the Computer Automated Dispatch" reflects a call from the "security director of the Hilton" reporting to police that they had "a guy come in very hot, agitated, not a guest, was with a female, demanding to go up to the room and get his kid. She looked like she was afraid of him. We couldn't stop him." Wang Decl., Ex. A, CAD audio, CCSF_Morales_000007, at 00:00-00:23. This audio was produced to Plaintiffs before they filed the TAC. *See* Wang Decl. ¶ A.

### D.   The Officers Detain Morales Briefly Until Their Suspicions Are Dispelled.

Plaintiffs allege that "Defendants Fong and Lau continued to tell Mr. Morales that they needed to determine whether Mr. Morales had the legal right to take his child." ECF No. 52, TAC ¶ 21. Plaintiffs allege that Morales "eventually acquiesced" and "instruct[ed] his friend to call his fiancée, the mother of his child." *Id.* at ¶ 22. Plaintiffs allege that during the encounter, Officer Lau "challenged Plaintiff to fight, bumping him with his chest and aggressively saying, 'Come on.'" *Id.* at ¶¶ 22. Officer Fong then "interceded to calm down his more aggressive follow defendant." *Id.* Morales then "provided his name to the officers." *Id.* Plaintiffs allege that the Officers did not "believe Mr.

Morales, an African-American man, was the father of his baby who appeared Asian-American" (and who was not with Morales when he arrived at the hotel). *Id.* at ¶¶ 13-15, 22.

"After some time, Ms. Chau saw Mr. Morales and the situation occurring." *Id.* at ¶ 24. They then "attempted to explain to the officers that Mr. Morales was indeed the biological father of the child and that Ms. Chau was the biological mother." *Id.* Some unspecified time later, the Officers "permitted [Morales] and his family to leave." ECF No. 52, TAC ¶ 24; *see also* ECF No. 7, Compl. ¶ 7 ("Mr. Morales and Ms. Chau continued their efforts to explain the situation to the Officers when they finally acknowledged the situation and allowed them to leave.").

## IV.   LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. A complaint must do more than offer mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," and a complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). "Where the facts, taken as true, are consistent with the possibility of wrongdoing, but where more likely explanations also arise from those same facts, the allegations do not 'plausibly suggest an entitlement to relief' and are appropriately subject to dismissal under Rule 12(b)(6)." *Cole v. Sunnyvale*, No. C-08-05017 RMW, 2010 WL 532428, at *2 (N.D. Cal. Feb. 9, 2010) (citing *Iqbal*, 556 U.S. at 679).

And "when evaluating an amended complaint, '[t]he court may also consider the prior allegations as part of its "context-specific" inquiry based on its judicial experience and common sense to assess whether' an amended complaint 'plausibly suggests an entitlement to relief.'" *McKenna v.*

*WhisperText*, No. 5:14–cv–00424–PSG, 2015 WL 5264750, at * 3 (N.D. Cal. Sept. 9, 2015) (citing *Cole*, 2010 WL 532428 at *4). While "plaintiff permissibly may alter the challenged conduct in an amended complaint,"[1] the Court should "not ignore the prior allegations in determining the plausibility of the current pleadings," and may demand "more factual support" "in light of the prior allegations." *Stanislaus Food Prod. Co.*, 782 F. Supp. 2d at 1076; *see also Cole*, 2010 WL 532428 at *5 (dismissing Third Amended Complaint upon "consideration of the facts alleged in the Third Amended Complaint" and "the facts alleged in prior iterations of the pleading").

## V.    ARGUMENT AND AUTHORITY

Plaintiffs' claims fail because Officer Fong and Officer Lau acted lawfully. As set forth below, Plaintiffs' allegations fail to plausibly suggest the Officers' violated the Fourth Amendment; they instead establish a valid investigatory stop based on reasonable suspicion, and the use of objectively reasonable force to effectuate said stop under the alleged circumstances. And because the Fourth Amendment's reasonableness standard also applies to Plaintiffs' state law claims, Plaintiff's state law claims against the Officers also fail. This means Plaintiff's state law tort claims against the City, which are based on the theory of *respondeat superior*, also fail.

### A.    Morales's Unlawful Detention/Arrest Claim Fails Because the Officers Had Reasonable Suspicion for an Investigatory Stop.

The Officers' alleged investigatory detention of Morales complied with the Fourth Amendment. Under the Fourth Amendment, the police have the right to "stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (citing *Terry v. Ohio*, 392 U.S. 1, 30 (1968)). Courts "look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting legal

---

[1] Ninth Circuit case law is inconsistent as to whether an amended pleading may contradict an original. *Compare Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) ("A party cannot amend pleadings to 'directly contradic[t] an earlier assertion made in the same proceeding.'") *with PAE Gov. Servs. Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) ("Unless there is a showing that the party acted in bad faith—a showing that can only be made after the party is given an opportunity to respond under the procedures of Rule 11—inconsistent allegations are simply not a basis for striking the pleading.").

wrongdoing." *United States v. Brown*, 996 F.3d 998, 1006 (9th Cir. 2021) (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)). While "a mere 'hunch' does not create a reasonable suspicion, the level of suspicion the standard requires 'is considerably less than proof of wrongdoing by a preponderance of the evidence' and 'obviously less' than is necessary for probable cause." *Navarette v. California*, 572 U.S. 393, 397 (2014) (quoting *Sokolow*, 490 U.S. at 7). A police report—even an anonymous one—can provide reasonable suspicion for an investigative stop. *See, e.g., United States v. Vandergroen*, 964 F.3d 876, 880-81 (9th Cir. 2020).

Here, the Officers had reasonable suspicion to detain Morales for investigative purposes. Plaintiff's prior complaints clearly establish that hotel security reported Morales to the police for a "domestic dispute and child custody issue." ECF No. 7, Compl. ¶ 22; ECF No. 14, FAC ¶ 22; *see also* ECF No. 29, SAC ¶¶ 44, 47 (alleging hotel security ""ma[d]e false police reports against Plaintiffs"); ECF No. 19, Pls. Opp. to Mot. to Dismiss at 4 ("Plaintiffs agree that the Officers had reasonable suspicion to *initially* detain Plaintiff Morales"); ECF No. 24, Civil Minutes at 2 ("Plaintiff admits and does not dispute that there was cause (reasonable suspicion) for detention initially."); ECF No. 49, Civil Minutes at 1 ("Plaintiff also accuses Hilton Hotel of making false police reports").

This establishes that the Officers had a "particularized and objective basis" for suspecting Morales of legal wrongdoing as he walked from the hotel to a car with an unidentified child. *Cf. United States v. Edwards*, 761 F.3d 977, 984 (9th Cir. 2014) ("anonymous 911 call from an eyewitness reporting an ongoing and dangerous situation and providing a detailed description of a suspect" provided "the officers with reasonable suspicion"); *see also Carr*, 275 Fed. App'x at 594 ("The stop did not violate the Fourth Amendment because it was based on reasonable suspicion supported by the articulable facts provided by a citizen who reported that she thought that a man matching Carr's description was burglarizing her neighbor."); ECF No. 19, Pls. Opp. to Mot. to Dismiss at 4 ("Plaintiffs agree that the Officers had reasonable suspicion to *initially* detain Plaintiff Morales"); ECF No. 24, Civil Minutes at 2 ("Plaintiff admits and does not dispute that there was cause (reasonable suspicion) for detention initially."). This is further supported by the allegations—which remain in the TAC—that hotel security saw Morales arrive at the hotel alone, knew he was not a registered hotel

guest, and then saw him meet "a friend" in the lobby before leaving with a child that Morales had not

arrived with. ECF No. 52 ¶¶ 14-16.

Plaintiffs' latest attempt in their TAC to hide the critical fact of the hotel security's police

report through artful pleading to try to manufacture a claim against Officer Fong, Officer Lau, and the

City should be rejected. The Court should "not ignore the prior allegations in determining the

plausibility of the current pleadings"—rather, the Court should demand "more factual support" "in

light of the prior allegations." *Stanislaus Food Prod. Co.*, 782 F. Supp. 2d at 1076; *see also McKenna*,

2015 WL 5264750, at * 3 ("when evaluating an amended complaint, '[t]he court may also consider the

prior allegations as part of its "context-specific" inquiry based on its judicial experience and common

sense to assess whether' an amended complaint 'plausibly suggests an entitlement to relief.'"); *Cole*,

2010 WL 532428 at *5 (dismissing Third Amended Complaint upon "consideration of the facts

alleged in the Third Amended Complaint" and "the facts alleged in prior iterations of the pleading").

Rather than plead factual support for their claims, Plaintiffs have done the opposite—they have

removed factual allegations to conceal the fact that they have no good faith basis for this lawsuit.

In contrast to prior iterations of their complaint, Plaintiffs now allege that "[o]n information

and belief, Defendants Fong and Lau had no information or reasonable suspicion that Mr. Morales'

daughter was not his child." ECF No. 52, TAC ¶ 20. But this allegation fails to save Plaintiffs' TAC

for three reasons:

First, the allegation is conclusory and thus fails to plausibly suggest the Officers lacked

reasonable suspicion to detain him. *See Twombly*, 550 U.S. at 555. The allegation is particularly

lacking given Plaintiffs prior admissions that hotel security reported Morales to police for a "domestic

dispute and child custody issue," which allegations, as set forth above, the Court should consider in its

evaluation of the TAC.

Second, the allegation is immaterial. Whether Officers Fong and Lau had "reasonable

suspicion that Mr. Morales' daughter *was not his child*" is irrelevant. ECF No. 52, TAC ¶ 20

(emphasis added). Kidnapping and child abduction are crimes even when committed by a parent. *See,

e.g.*, Cal. Penal Code §§ 207, 278. Indeed, hotel security reported Morales for a "domestic dispute and

child custody issue," which presupposes Morales had some relationship to the child.

And third, the allegation is false, or at least, misleading. While Plaintiffs now omit any reference to the Hilton Hotel security's 911 calls, they are integral to Plaintiff's claim; and one of those calls—which audio recording was produced to Plaintiffs before they filed the TAC—reflects that the hotel reported information of a domestic dispute or child custody issue. Wang Decl., Ex. A, CAD audio, CCSF_Morales_000007, at 00:00-00:23; *see Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (holding "that a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies").

And Plaintiffs allege no facts to suggest Morales's detention ever ripened into an arrest requiring probable cause. If Morales's detention were an "arrest," then the Officers would have needed probable cause rather than reasonable suspicion. *See, e.g.*, *See Gallegos v. City of Los Angeles*, 308 F.3d 987, 990 (9th Cir. 2002). Plaintiffs, however, fail to allege an arrest. Courts determine whether stops have turned into arrests "by evaluating not only how intrusive the stop was, but also whether the methods used were reasonable *given the specific circumstances*." *Id.* at 991 (original italics) (citation and internal quotation omitted). In *Gallegos*, the Ninth Circuit found that a suspect's detention never became an arrest even where the police had him at gunpoint, handcuffed him, placed him in the patrol car, and brought him to the incident scene, before releasing him after more than 45 minutes. *Id.* "Critical to [the court's] conclusion" was "that 'the officers diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the [suspect].'" *Id.* (citations omitted).

Here, Plaintiffs' allegations establish a minimally intrusive stop and fail to suggest anything unreasonable about the detention. The Officers did not draw their guns; did not place Morales in handcuffs; did not place Morales in a patrol car; nor did they move him. Rather, Plaintiffs allege only that one of the Officers "grabbed and twisted his arm" to stop him as he was walking away from them, and "challenged to fight him" and were "aggressive." ECF No. 52, TAC ¶¶ 18, 22. Plaintiffs admit, however, that "they were permitted to leave" once the Officers "acknowledged the situation." ECF No. 52, TAC ¶ 24; ECF No. 7, Compl. ¶¶ 7, 25. This falls far short of alleging an arrest. *See Gallegos*, 308 F.3d at 992 (finding an "investigative stop worked as it should" where "[t]he detention was brief, calculated solely to make sure they had the right man, and resulted in Gallegos's prompt vindication");

1  *see also Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986) ("Even if we assume, as appellants

2  allege, that Barker was angry and vulgar when issuing the citation, these circumstances do not

3  approach an 'arrest' for purposes of this claim."). Plaintiffs fail to state an unlawful detention claim

4  against the Officers.

5        **B.**    **Morales's Excessive Force Claim Against the Officers Fails Because They Used Objectively Reasonable Force.**

6

7        Plaintiffs' allegations fail to allege the Officers used excessive force. "Determining whether the

8  force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful

9  balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests

10  against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396

11  (1989) (quotation omitted). "The reasonableness of a particular use of force must be judged from the

12  perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.*

13  (citing *Terry*, 392 U.S. at 20-22). "An excessive force analysis requires evaluating 'the severity of the

14  crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others,

15  and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Arpin*, 261 F.3d at

16  921 (citing *Graham*, 490 U.S. at 388)).

17        The only force alleged in the TAC—that the Officers "grabbed and twisted his arms" from

18  behind him as he walked away from them, "challenged to fight him" and were "aggressive"—is *de*

19  *minimis*. ECF No. 52 ¶¶ 18, 22. The Fourth Amendment "recognize[s] that the right to make an arrest

20  or investigatory stop necessarily carries with it the right to use some degree of physical coercion or

21  threat thereof to effect it." *Graham*, 490 U.S. at 396. And "threats do not constitute excessive force."

22  *Lopez v. Cty. of Riverside*, No. ED CV 13-1780 GHK (PJW), 2016 WL 423763, at *2 (C.D. Cal. Jan.

23  5, 2016), report and recommendation adopted, No. CV 13-1780 GHK (PJW), 2016 WL 438950 (C.D.

24  Cal. Feb. 3, 2016); *see also Moortgat v. Cty. of San Joaquin*, No. 09-cv-02187-JAM-EFB, 2010 WL

25  3582430, at *6 (E.D. Cal. Sept. 9, 2010) ("Verbal threats generally are not actionable in a federal civil

26  rights proceeding" (citation omitted)).

27        Plaintiffs' allegations, without more, fail to allege Officer Fong or Officer Lau used excessive

28  force in detaining Morales. *See In re Gregory S.*, 112 Cal. App. 3d 764, 771, 778 (Cal. Ct. App. 1980)

("holding appellant's arm to prevent his departure was within [officer's] authority to detain. It is implicit in a lawful detention that the person detained is not free to leave at will and may be kept in the officer's presence by physical restraint, threat of force or assertion of authority." (citation omitted)); *Lopez*, 2016 WL 423763, at *2 (dismissing excessive force claim where "Plaintiff alleges that Deputy Hibbler used excessive force when he threatened to arrest her and shoot her dogs if she did not comply with his order to leave her home. Accepting this allegation as true, it is not enough to state a claim for excessive force because threats do not constitute excessive force."); *see also* ECF No. 24, Civil Minutes at 2 ("Plaintiff provides no specific allegations of any use of force beyond the initial grab of his arm. A claim of a chest bump and yelling face to face does not appear to constitute a use of force to detain."). The Court should grant the City's motion to dismiss Plaintiffs' Second Cause of Action for excessive force against the Officers.

**C.      Plaintiffs' State Law Tort Claims Against Officer Fong, Officer Lau, and the City Fail for the Same Reasons Their Section 1983 Claims Against the Officers Fail.**

Because Officer Fong and Officer Lau's alleged conduct in stopping and investigating the hotel's police report of a "domestic dispute and child custody issue" involving Morales and S.M. was reasonable under the Fourth Amendment, Plaintiffs' state law tort claims against Officer Fong and Officer Lau also fail. This also means that Plaintiffs' state law tort claims against the City fail as well because their claims, based on the theory of *respondeat superior*, hinge on whether the conduct of the two Officers violated the Fourth Amendment.[2]

As the Court has found, "the Fourth Amendment's reasonableness standard applies to the state law claims in police cases" (ECF No. 49 at 1):

- To establish a state law claim for false imprisonment (Sixth Cause of Action), Plaintiffs must show that the Officers were "without lawful privilege" to detain Morales—*i.e.*, that his detention was unreasonable under the Fourth Amendment. *See Easton v. Sutter Coast Chop*, 80 Cal. App. 4th

---

[2] Under California law, a public entity like the City is immune from liability except where expressly provided by statute. Cal. Gov't Code § 815(a). Plaintiffs' only alleged basis for the City's liability is vicarious liability for the actions of the Officers pursuant to California Government Code § 815.2. *See* ECF No. 52 ¶¶ 41, 46, 53, 58. In other words, Plaintiffs fail to state a claim against the City where their claims against the Officers fail.

485, 496 (Cal. Ct. App. 2000); *see also Helmantoler v. City of Concord*, No. 14-cv-02855-HSG, 2015 WL 3613558, at *11 (N.D. Cal. June 9, 2015) ("California courts have held that defendant officers were operating with 'lawful privilege' where there was a 'good faith suspicion' to justify the detention or investigation of a suspect.").

- To prevail on their state law claims for assault (Third Cause of Action) and battery (Fourth Cause of Action), Plaintiffs must prove that the Officers used "unreasonable force" to detain Morales under a Fourth Amendment analysis. *See Edson v. City of Anaheim*, 63 Cal. App. 4th 1269, 1272–73 (Cal. Ct. App. 1998) (no state tort liability for reasonable force); *see also Juricich v. Cty. of San Mateo*, No. 19-cv-06413-WHO, 2021 WL 308607, at *14 (N.D. Cal. Jan. 29, 2021) ("Claims for assault and battery arising out of the alleged use of unreasonable force by a police officer are analyzed under the same objective reasonableness standard as under the Fourth Amendment.");

- And to prevail on Morales's negligence claim (Sixth Cause of Action) and S.M.'s negligent infliction of emotional distress claim (Seventh Cause of Action), "Plaintiffs must show that [the Officers] acted unreasonably and that the unreasonable behavior harmed" Morales. *Ortega v. City of Oakland*, No. C07-02659 JCS, 2008 WL 4532550, at *14 (N.D. Cal. Oct. 8, 2008) (quoting *Price v. County of San Diego*, 990 F. Supp. 1230 (S.D. Cal. 1998)); *see also Hernandez v. City of Pomona*, 46 Cal. 4th 501, 514 (Cal. 2009) (holding the reasonableness standard in a section 1983 action for excessive force is the same as the reasonableness standard for negligence under California law).

Accordingly, Plaintiffs' state law claims against Officer Fong, Officer Lau, and the City all fail because, as set forth *supra*, Sections IV(A), (B), Officer Fong and Officer Lau had reasonable suspicion to detain Morales, and used objectively reasonable force to effectuate said detention; thus also fail. *See Carr v. City of Redondo Beach*, 275 Fed. App'x 592, 594 (9th Cir. 2008) (finding "state law tort claims of . . . , assault, battery, and false imprisonment fail for the same reason" as the § 1983 claim that an investigatory stop violated the Fourth Amendment where "there is no evidence of any unconstitutional motive or conduct by the police, just a reasonable investigation of the neighbor's call."); *Rodarte v. Alameda Cty.*, Case No. 14-cv-00468-KAW, 2015 WL 5655403, at *14 (N.D. Cal. Sept. 24, 2015) (finding "conduct within the scope of the state law immunities" where force "was reasonable under the totality of the circumstances" in accordance with the Fourth Amendment); *Arpin*

*v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) (finding "state law assault and battery claims fail for the same reason her federal excessive force claim failed."); *Juricich*, 2021 WL 308607, at *14 (finding that "[t]o the extent that Juricich's negligence claim against Brandt is based on a lack of reasonable suspicion to detain . . . , the claim fails for the same reasons" that Juricich's Section 1983 claim for unlawful detention fails); *Ortega*, 2008 WL 4532550, at *15 (finding plaintiff's "negligence action" against officer was barred where the court "already found that [the officer's] conduct in detaining [plaintiff] was objectively reasonable").

### D.      The Court Should Deny Plaintiffs Leave to Amend.

While leave to amend is routinely granted, the Court need not grant leave to amend "when any proposed amendment would be futile." *Reddy v. Litton Ind., Inc.*, 912 F.2d 291, 269 (9th Cir. 1990) (citation omitted). Such is the case here. Plaintiffs have already had multiple bites at the apple to try to state a cause of action against the City. That they were unable to do so shows that any further amendment would be futile. The Court should deny Plaintiffs leave to file a fifth complaint

Dated:  March 8, 2022

DAVID CHIU
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
EDMUND T. WANG
Deputy City Attorney


By: *///s/// Edmund T. Wang*
EDMUND T. WANG

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO