**ADANTE D. POINTER, ESQ., SBN 236229**
**PATRICK M. BUELNA, ESQ., SBN 317043**
**TY CLARKE, ESQ., SBN 339198**
POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert Street, Suite 208
Oakland, CA 94607
Tel: 510-929-5400
www.LawyersFTP.com
Email: APointer@LawyersFTP.com
Email: PBuelna@LawyersFTP.com
Email: TClarke@LawyersFTP.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MORALES an individual; and S.M. a minor, by and through their guardian ad litem, WENDY CHAU;<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; RUSSELL FONG, in his individual capacity as a law enforcement officer for the CITY OF SAN FRANCISCO; RYAN LAU, in his individual capacity as a law enforcement officer for the CITY OF SAN FRANCISCO; and DOES 1-50, inclusive.<br><br>Defendants. | Case No.: 3:21-cv-03957-EMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT CCSF'S MOTION TO DISMISS THE THIRD AMENDED COMPLAINT**<br><br>Hon. Edward M. Chen<br><br>Hearing Date: April 14, 2022<br>Time:           1:30 p.m.<br>Place:          Via Zoom |

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

## I.    INTRODUCTION

Defendants filed another motion to dismiss that relies almost exclusively on trying to pin Plaintiffs to prior pleadings rather than their operative complaint, because Plaintiffs' Third Amended Complaint has pled sufficient factual material and allegation to proceed.

Defendants also suggest that it is gamesmanship to amend pleadings to conform to evidence as a party learns it. In fact, the rules are quite the opposite: Plaintiff has the obligation to allege facts that conform to the evidence he learns in discovery rather than proceed in bad faith.

Ironically, Defendants even attached and *quoted* the 911 call that corroborates Plaintiffs' amended allegations: hotel security reported ""a guy come in very hot, agitated, not a guest, was with a female, demanding to go up to the room and get his kid. She looked like she was afraid of him. We couldn't stop him." (Def. Mtn. at ECF 53, p. 10).

It is undisputed based on this evidence that a child custody issue was *never* raised. And there is certainly not enough information to sustain a detention for a domestic dispute where it is alleged a person appeared upset with the security about not letting him enter the hotel and wanting to retrieve his child.  Essentially, the very evidence Defendants seek to introduce to support their motion *dismantles* it. The Court should DENY the motion in its entirety.

## II.    PROCEDURAL CONTEXT

On January 20, 2022, this Court heard the Defendant's motion to dismiss Plaintiffs' Second Amended Complaint (hereinafter "SAC"). ECF No. 29. In this hearing, Plaintiffs' counsel informed the Court that well after filing the SAC, he had received video records and other documents from Defendant CCSF pertaining to the incident underlying this case. ECF No. 49; Declaration of Patrick Buelna "Buelna Decl.")

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

On February 22, 2022, Plaintiffs filed their Third Amended Complaint (hereinafter "TAC"). (ECF No. 52). Plaintiffs' TAC is informed by the records produced by Defendant CCSF after the SAC had already been filed and thus differs from the SAC in a number of ways because it reflects the new information Plaintiffs gained between the filings of the SAC and the TAC. (Buelna Decl.) The differences between these complaints include the removal of the Hilton Hotel operator as a defendant in the TAC and the addition of information pertaining to the Defendant Officers' basis (or lack thereof) for detaining Plaintiff Steve Morales. *Compare* ECF No. 19 *with* ECF. No. 52.

Though Defendant repeatedly insists that this Court consider factual allegations contained in Plaintiffs' prior pleadings, learning of new information through discovery is exactly the type of good cause that warrants the amendment of a pleading. *See, e.g., Fru-Con Const. Corp. v. Sacramento Mun. Utility Dist.,* 2006 WL 3733815 at *5 (E.D. Cal., Dec. 15, 2006)*; see also, Gorsuch, LTD., B.C. v. Wells Fargo Nat. Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2014). Indeed the dismissal of a party defendant, because Plaintiffs reviewed the evidence and determined they were not liable then amended their complaint is *exactly* how a party should proceed pursuant to new fact learned in discovery. *See generally,* FRCP 11.

### III.    FACTUAL CONTEXT

On May 28, 2020, Wendy Chau, her sister and Plaintiff Morales' infant child, Plaintiff S.M., visited the Hilton Hotel in San Francisco. (Plaintiffs' Third Amended Complaint [TAC], at Doc. 52, ¶ 13). Plaintiff Morales went to visit Ms. Chau, her sister and his infant child, S.M., and entered the hotel. (TAC ¶¶ 14-15). After a short conversation with security in which he explained he was visiting a registered guest, the employee permitted him to go with Ms. Chau's sister to her hotel room. (TAC ¶ 15).

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Afterwards, Plaintiff Morales left the hotel with his infant daughter in his arms, joined by a friend. (TAC ¶17). Without warning, Defendants Russell Fong and Ryan Lau—both officers of the San Francisco Police Department—yanked Plaintiff Morales' arm behind his back, causing him to nearly dropped his infant baby. (TAC ¶ 17). Plaintiff Morales initially thought he was being mugged, pulling his arm away before realizing that the people grabbing him were police officers. (TAC ¶17). Defendants Fong and Lau grabbed and twisted Plaintiff Morales' arm while he held onto his baby and asked why he was being detained. (TAC ¶ 18).

Plaintiff Morales continued asking Defendants Fong and Lau why he was being detained. (TAC ¶ 19). The Defendant Officers lied, telling Plaintiff Morales that he was seen having an argument with his wife and that they got a call about a kidnapping/child custody issue. (TAC ¶ 19). Defendants Fong and Lau then asked Plaintiff Morales whether his daughter was his own, despite having no reasonable suspicion that Plaintiff Morales' child was not his. (TAC ¶ ¶ 17, 19).

Defendants Fong and Lau refused to believe Plaintiff Morales' statements that the child in his arms was his daughter, insisting that he prove his relationship to his daughter. (TAC ¶ 21). The Defendant Officers continued to lie and accuse Plaintiff Morales, an African-American, of not being the biological father of his daughter, who appeared Asian-American. (TAC ¶¶ 21, 23).

Plaintiff Morales complied with the Defendants Fong and Lau's unreasonable demands, instructing his friend to call his fiancé, the mother of his child. (TAC ¶ 22). Defendant Lau falsely told Plaintiff Morales that this what the Defendant Officers had been asking him to do originally. (TAC ¶ 22). When Plaintiff Morales pointed out that this was untrue, and Defendant Lau had in fact initiated the detention by challenging him to hit the officer, Defendant Lau responded by again challenging Plaintiff Morales to fight, bumping him with his chest and

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

aggressively exclaiming "Come on" in another unexplainable attempt to initiate a fight with a civilian. (TAC ¶ 22). Defendant Fong was forced to intervene in order to calm down his overly-aggressive fellow Defendant. (TAC ¶ 23).

When Plaintiff Morales' fiancé saw what was occurring, she approached him and the Defendant Officers and explained that the child was Plaintiff Morales' daughter. (TAC ¶24). Defendants Fong and Lau continued to act aggressively in response, initially refusing to believe the couple before finally terminating the detention. (TAC ¶24).

## IV.    LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc*., 349 F.3d 1191, 1199-200 (9th Cir. 2003). To survive a motion to dismiss, a complaint must plead sufficient "factual matter, accepted as true" to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In assessing the sufficiency of a plaintiff's pleadings, "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id*.

A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of the complaint. There is a strong presumption against dismissing an action for failure to state a claim. See *Gilligan v. Jamco Dev. Corp*., 108 F.3d 246, 249 (9th Cir. 1997). The Rule 12(b)(6) issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support the claims. *Jackson v. Carey*, 353 F .3d 750, 755 (9th Cir. 2003). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962 (9th Cir. 2009) (internal quotation marks omitted).

<h2 style="text-align:center">V.     ARGUMENT</h2>

**A. DEFENDANTS LAU AND FONG DID NOT HAVE REASONABLE SUSPICION TO DETAIN PLAINTIFF MORALES**

Plaintiffs' TAC clearly demonstrates the validity of its unlawful seizure claim under the Fourth Amendment in two ways. First, it points out the absence of any basis upon which Defendants Lau and Fong could claim that they had reasonable suspicion to believe that Plaintiff Morales' child was not his own. Second, it identifies what appears to be the illegitimate basis of Defendants Lau and Fong's unlawful detention of Plaintiff Morales—the fact that Plaintiff Morales, an African-American man, was with his daughter, an Asian-American infant. As this is not a crime nor can it be a predicate for suspicion of a crime to be superficially a different ethnicity than your child, Plaintiffs' TAC sufficiently alleges a factual basis upon which the unlawful detention claim is reasonably based.

The Fourth Amendment protects people "against unreasonable searches and seizures" from government actors such as law enforcement officers. U.S. Const., Amend. IV; *See Burdeau v. McDowell,* 256 U.S. 465, 475 (1921).

In the absence of a valid warrant, the police may generally not stop and detain an individual for investigation absent a reasonable belief that criminal or otherwise dangerous activity is afoot. *United States v. Cortez*, 449 U.S. 411, 417-418 (1981).

Indeed, the most *fundamental* limit on a law enforcement officer's authority to seize persons is the requirement that the police not interfere with the freedom of private persons unless it be for specific, legitimate reasons. *See Terry v. Ohio*, 392 U.S. 1, 21, (1968). Under *Terry v. Ohio*, 392 U.S. 1 (1968), "an officer may, consistent with the Fourth Amendment, conduct a

<div style="writing-mode:vertical-rl; text-align:center">POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400</div>

brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal

activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123, (2000); *see also United States v.*

*Bontemps,* 977 F.3d 909, 913 (9th Cir, 2020).

Here, the facts in the TAC, taken as true, clearly suggest that Defendants Lau and Fong

had no such reasonable suspicion for their detention of Plaintiff Morales and thus violated the

Fourth Amendment. The hotel permitted Plaintiff to enter the hotel after a conversation and then

leave with his daughter. Defendants Fong and Lau had no information suggesting that Plaintiff

Morales had committed any crime, let alone information suggesting that he did not have the right

to take his own daughter with him. Instead, they deduced from a superficial racial difference

between a father and his daughter that Plaintiff Morales was kidnapping a child. This alone

cannot substantiate reasonable suspicion of a criminal activity to sustain a detention – much less

an arrest. *See, e.g. Lopez v. City of Glendora,* 811 Fed. Appx. 1016, 1018 (9th Cir. 2020)

(holding that the combination of "broad racial profiles", a suspect's clothing, and "the nature of

the [suspected] crime" are not sufficient to constitute the basis of reasonable suspicion); *see also*

*Liberal v. Estrada*, 632 F.3d 1064, 1078 (9th Cir. 2011) ("avoidance of the police, standing alone,

does not give rise to a particularized, reasonable suspicion that a person is committing a crime").

Defendants further argue that Officers knew that a kidnapping was going on because they

had training parents kidnap as well, but officers cannot draw inferences to substantiate a

detention solely based on information derived from their training. *See Kansas v. Glover*, 140 S.

Ct. 1183, 1189 (2020) ("Nothing in our Fourth Amendment precedent supports the notion that, in

determining whether reasonable suspicion exists, an officer can draw inferences based on

knowledge gained only through law enforcement training and experience. We have repeatedly

recognized the opposite.").

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

Indeed, the major thrust of Defendants argument rely on allegations that Plaintiffs made when he was not privy to discovery in prior iterations of their complaint, which is an apparent concession that the evidence and factual allegations in the Third Amended Complaint have detailed sufficient factual information to proceed – and must proceed.

For all of these reasons, Plaintiff's Unlawful Detention Claim must proceed.

## B. DEFENDANTS FONG AND LAU'S USES OF FORCE WERE EXCESSIVE BECAUSE NO FORCE OF ANY KIND WAS JUSTIFIED GIVEN THE CIRCUMSTNACES

In evaluating a Fourth Amendment claim of excessive force, courts ask "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them." *Graham v. Connor,* 490 U.S. 386, 397 (1989).  This inquiry "requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (quoting *Tennessee v. Garner,* 471 U.S. 1, 8 (1985)).

Here, Plaintiffs' facts alleged in the TAC identify two uses of force that are excessive under the Fourth Amendment: Defendants Lau and Fong aggressively grabbing and yanking Plaintiff Morales' arms while he held his infant in his arms, and Defendant Lau initiating physical contact with Plaintiff Morales while challenging him to fight. Both of these instances constitute plausible claims of excessive force that preclude dismissing Plaintiffs' excessive force cause of action.

Taken as true, the facts in Plaintiffs' TAC show that Defendants Fong and Lau had no legitimate reason to use any level of force against Plaintiff Morales. As discussed in the previous section, the Defendant Officers had no basis for suspecting Plaintiff Morales was involved in any criminal activity. Regardless of whether the Defendant Officers had a reasonable suspicion,

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

however, no force was needed in the encounter between Plaintiff Morales and Defendants Fong and Lang because Plaintiff Morales was not attempting to flee, was compliant, and did not display any threatening or potentially violent behavior. *See, e.g., Marella v. City of Bakersfield,* 2010 WL 3386465 at *9 (E.D. Cal. Aug. 26, 2010) ("[A] law enforcement officer may not use force on a compliant suspect already under the officer's control and not resisting detention or trying to flee"); *see also, Sants v. Seipert,* 2021 WL 4652892 at *4 (E.D. Cal. Feb. 9, 2021) ("Reactive defensive movements" such as pulling away from an officer's grasp does not indicate any danger posed to officers that would justify the use of force).

At a minimum, Plaintiffs' facts in the TAC plausibly suggest that Defendants Lau and Fong did not have reason to use any force against Plaintiff Morales. In such circumstances, the use of any force is unconstitutional. *See Kassim Abdulkhalik v. City of San Diego,* 2009 WL 4282004 at *7 (S.D. Cal. Nov. 25, 2009) ("The law is clear that use of force when no force is necessary amounts to a violation of one's Fourth Amendment right to be free from excessive force.") For the aforementioned reasons, the TAC contains sufficient facts to present a viable excessive force claim and thus must not be dismissed at this juncture.

### C.  PLAINTIFFS' TAC PRESENTS VIALBLE STATE LAW CLAIMS THAT MUST PROCEED

#### 1.  PLAINTIFFS' ASSAULT AND BATTERY CLAIM

Plaintiffs concur with Defendants that their assault and battery claims must be predicated on showing that the Officers used unreasonable force. *See, e.g.*, *Nelson v. City of Davis*, 709 F. Supp. 2d 978, 992 (E.D. Cal. 2010) (holding that "it is clear that an assault and battery claim against a police officer requires that unreasonable force be established").

"When the governmental interests at stake are substantial, a greater intrusion upon the Fourth Amendment rights of the person may be justified. Conversely, when the governmental interest is

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

insubstantial, the application of **even minimal force may be unreasonable**." *See Nelson v. City of Davis,* 685 F.3d 867, at 878 (9th Cir. 2012) [emphasis added].  As explained in Section B, the force used by Defendants Lau and Fong was unreasonable because the interaction between the Defendant Officers and Plaintiff Morales did justify the use of any force whatsoever. Accordingly, Plaintiffs' assault and battery claim must proceed.

## 2.  PLAINTIFFS' NEGLIGENCE CLAIM

The California Supreme Court has long held that an officer's lack of due care can give rise to negligence liability. *Munoz v. Olin,* 24 Cal.3d 629, 634 (1979) (citing *Grudt v. City of Los Angeles,* 2 Cal.3d 575, 587 (1970)). In this context, to prove the tort, the parties agree that a plaintiff must show that the officer violated his "duty to use reasonable force under the totality of the circumstances." *See Brown v. Ransweiler,* 171 Cal.App.4th 516, 526, fn.10 (2009).

As discussed in Sections B and C(1), the facts in Plaintiffs' TAC, taken as true, demonstrate that Defendants Lau and Fong's use of force was unreasonable under the circumstances and thus suggests a plausible violation of their duty to use reasonable force. For these reasons, Plaintiffs' negligence claim must proceed.

## 3.  PLAINTIFF S.M.'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM

The parties again agree that Plaintiff S.M.'s negligent infliction of emotional distress pled vicariously against the City must be predicated on Plaintiff Morales negligence claim. However, again, Plaintiff disputes that the TAC did not describe unreasonable force.

## VI.    CONCLUSION

For all of the aforementioned reasons, the Court should DENY Defendant City's motion in its entirety.

/

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400

1 | Date: March 21, 2022

Respectfully submitted,

/s/ Patrick Buelna
PATRICK M. BUELNA
COUNSEL FOR PLAINTIFF

POINTER & BUELNA, LLP
LAWYERS FOR THE PEOPLE
155 Filbert St., Ste. 208, Oakland, CA 94607
Tel: (510) 929 - 5400