DAVID CHIU, State Bar #189542
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
EDMUND T. WANG, State Bar #278755
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3857
Facsimile:     (415) 554-3837
E-Mail:        edmund.wang@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MORALES an individual; and S.M. a minor, by and through their guardian ad litem, WENDY CHAU,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HILTON EMPLOYER INC., a corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 3:21-cv-03957-EMC<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>[FED. R. CIV. P. 12(b)(6)]<br><br>Hearing Date:    April 14, 2022<br>Hearing Judge:   Hon. Edward M. Chen<br>Time:            1:30 p.m.<br>Place:           Courtroom 5 – 17th Floor<br><br>Date Action Filed:   May 25, 2021<br>Trial Date:          Not Set |

Plaintiffs Steve Morales and S.M., a minor, by and through their guardian ad litem, Wendy Chau's (collectively "Plaintiffs") opposition improperly seeks for this Court to ignore key factual allegations relating to plausibility that were previously considered by this Court in prior iterations of the complaint, and admitted by Plaintiffs in prior pleadings. Plaintiffs state that the amendments resulted from the discovery of new information – but their opposition entirely fails to specify such new information. Instead, Plaintiffs ask that this Court assume as true legal conclusions that do not meet the pleading standards established by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Such gamesmanship should not be allowed. To the contrary, when determining the plausibility of a complaint, this Court can and should consider prior inconsistent allegations, as is present here. *See McKenna v. WhisperText,* No. 5:14- CV-00424-PSG, 2015 WL 5264750, at *3 n.35 (N.D. Cal. Sept. 9, 2015). Plaintiffs have provided no contrary authority and thus concedes that point.

Even assuming, *arguendo*, Plaintiffs are permitted to amend their complaint in such a manner, the Third Amended Complaint ("TAC") contains the same relevant factual allegations as those in prior complaints, which fail to state any viable claims. The only difference is Plaintiffs' dismissal of Hilton Hotel as a defendant, and the removal of their allegations about Hilton Hotel's police report. *Compare* ECF No. 7, Compl. ¶¶ 22-25 and ECF No. 14, FAC ¶¶ 23-25 and ECF No. 29, SAC ¶¶ 12-19, with ECF No. 52, TAC ¶¶ 13-24. As will be discussed below, Plaintiffs' TAC remains deficient and fails to allege facts that plausibly suggest Morales was detained any longer than reasonable; and still fail to allege any conduct that would constitute an unconstitutional use of force.

Despite Plaintiffs' repeated attempts to amend their complaint, it is abundantly clear that they cannot successfully allege any viable causes of action against the Defendant City and County of San Francisco ("the City"). For the reasons set forth below, this Court should grant the City's motion to dismiss the TAC with prejudice.

## I. PLAINTIFFS IGNORE THE APPLICABLE LEGAL STANDARD

The Ninth Circuit has left no room for confusion about what is required to survive a motion to dismiss. Clear and binding precedent states that "[w]hen faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are 'merely consistent with' their favored explanation but are also consistent with the alternative explanation." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (citations omitted); *see also Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014) (citations omitted) (courts must consider whether there is "an 'obvious alternative explanation' for defendant's behavior."). Rather, the complaint must include facts "tending to exclude the possibility that the alternative explanation is true . . . in order to render plaintiffs' allegations plausible

within the meaning of *Iqbal* and *Twombly*." *Century Aluminum*, 729 F.3d at 1108; *see also Eclectic Props.*, 751 F.3d at 996-97. A complaint which does not do so must be dismissed.

Here, Plaintiffs state that the differences between the TAC and the previous complaints, resulting from "new information Plaintiffs gained between the filings of the SAC and the TAC," include the "removal of the Hilton Hotel operator as a defendant in the TAC and the addition of information pertaining to the Defendant Officers' basis (or lack thereof) for detaining Plaintiff Steven Morales." ECF No. 57, Pls. Opp. to Mot. to Dismiss at 3. As an initial matter, the City does not contend that Plaintiffs' dismissal of defendant Hotel Hilton based on newly discovered evidence is improper. Instead, the City challenges Plaintiffs' omission of the allegation that "the hotel had called [the police] to report a domestic dispute and possible child custody issue" and inclusion of the conclusory allegation that "[o]n information and believe, Defendants Fong and Lau had no information or reasonable suspicion that Mr. Morales' daughter was not his." *Compare* ECF No. 29, SAC ¶ 17 and ECF No. 52, TAC ¶ 20. As noted in the City's moving papers, removing allegations about Hilton Hotel's police report does not clarify the pleadings; to the contrary, the omission of those key allegations make Plaintiffs' claims less plausible. The flaw with Plaintiffs' TAC is that the non-conclusory allegations concerning the Officers, taken as true, plead only that the Officers appeared on scene for no legitimate reason and grabbed Morales by the arms based on alleged racial profiling. It does not allege why the Officers responded to Hotel Hilton in the first place. These allegations fall short of pushing Plaintiffs' claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. And the TAC fails to include facts "tending to exclude the possibility that the alternative," and more likely explanation in this case, is true - that the Officers responded to a call for service from the hotel a possible domestic dispute and child custody issue. *See Century Aluminum*, 729 F.3d at 1108; *Eclectic Props.*, 751 F.3d at 996. The Court need not – and should not – accept Plaintiffs' unsupported inferences, even where couched as factual allegations. *See id.*

In the same vein, Plaintiffs' opposition disregards, and fails to meaningfully respond to, Defendants' request that this Court consider the inconsistent nature of Plaintiffs' prior factual allegations when evaluating whether the TAC satisfies the requirement that Plaintiffs plead a plausible entitlement to relief. *See Cole v. Sunnyvale*, No. C-08-05017 RMW, 2010 WL 532428, at *4 (N.D.

Cal. Feb. 9, 2010) (court can consider prior allegations in deciding whether third amended complaint "plausibly suggests an entitlement to relief"); *Fasugbe v. Willms*, No. Civ. 2:10-2320 WBS KJN, 2011 WL 2119128, at *5 (E.D. Cal. May 25, 2011) ("[P]laintiffs may alter their allegations in an amended complaint [under PAE], but the court may properly consider the plausibility of the [first amended complaint] in light of the prior allegations"); *see also McKenna*, 2015 WL 5264750, at *3 n.35 ("considering the[] plausibility [of claims] in the full context provided by the [prior] complaint and [defendant's] opposition to dismiss that complaint" permissible and different from outright dismissing claims "for being contradictory").  Here, Plaintiffs' TAC is devoid of more factual support for their claims, and they have provided no argument as to why this Court should disregard applicable case law that instructs the Court "not to ignore prior allegations in determining the plausibility of the current pleadings." *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1076 (E.D. Cal. 2011) ("[P]laintiff permissibly may alter the challenged conduct in an amended complaint, but the Court finds that in light of the prior allegations, the plaintiff must allege more factual support . . . .").  At best, Plaintiffs' TAC is consistent only with a possibility that the Officers engaged in the misconduct alleged.  Consequently, Plaintiffs have failed to satisfy the plausibility standard of *Iqbal* and *Twombly* and this Court should dismiss Plaintiffs' complaint with prejudice.

## II.     THE OFFICERS' INVESTIGATORY STOP WAS CONSTITUTIONAL

Plaintiffs' TAC also fails on the merits.  In their Opposition, Plaintiffs contend that the TAC supports viable claims for unlawful seizure under the Fourth Amendment in two ways: (1) the TAC "points out the absence of any basis upon which Defendants Lau and Fong could claim that they had reasonable suspicion to believe that Plaintiff Morale's child was not his own," and (2) the TAC "identifies what appears to be the illegitimate basis of Defendants Lau and Fong's unlawful detention of Plaintiff Morales – the fact that Plaintiff Morales, an African-American man, was with his daughter, an Asian-American infant." ECF No. 57, Pls. Opp. to Mot. to Dismiss SAC at 6.  These arguments are unavailing.

First, Plaintiffs' contention that the facts in the TAC "clearly suggest that Defendants Lau and Fong had no such reasonable suspicion for their detention" of Morales and that "Defendants Fong and Lau had no information suggesting that Plaintiff Morales had committed any crime" are premised on

an allegation that is immaterial and is a legal conclusion this Court need not assume as true.[1] (ECF No. 57, Pls. Opp. to Mot. to Dismiss at 7)   Besides such conclusory allegation, Plaintiffs have alleged no new facts that establish viable claims against Defendants for unlawful seizure under the Fourth Amendment.  Instead, Plaintiffs' opposition asks this Court to ignore Plaintiffs' previously alleged fact that hotel security had "reported" Morales "for "a possible domestic dispute and child custody issue" – a factual allegation that explains why the Officers interacted with Morales in the first place and establishes reasonable suspicion to detain Morales for investigative purposes.  ECF No. 7, Compl. ¶ 22; ECF No. 14, FAC ¶ 22; ECF No. 29, SAC ¶ 17.  This is the type of prior allegation this Court should not ignore as part of its "context-specific" inquiry on the plausibility of an amended complaint based on its judicial experience and common sense, *see Stanislaus Food Prod. Co.*, 782 F. Supp. 2d at 1076; *see also McKenna*, 2015 WL 5264750, at * 3,  particularly in a case where Plaintiffs' prior pleadings and complaints illustrate acquiescence of that critical fact.  ECF No. 7, Compl. ¶ 22; ECF No. 14, FAC ¶ 22; *see also* ECF No. 29, SAC ¶¶ 44, 47 (alleging hotel security ""ma[d]e false police reports against Plaintiffs"); ECF No. 19, Pls. Opp. to Mot. to Dismiss at 4 ("Plaintiffs agree that the Officers had reasonable suspicion to *initially* detain Plaintiff Morales"); ECF No. 24, Civil Minutes at 2 ("Plaintiff admits and does not dispute that there was cause (reasonable suspicion) for detention initially."); ECF No. 49, Civil Minutes at 1 ("Plaintiff also accuses Hilton Hotel of making false police reports").  These prior allegations establish that the Officers had a "particularized and objective basis" for suspecting Morales of legal wrongdoing as he walked from the hotel to a car with an unidentified child.  *Cf. United States v. Edwards*, 761 F.3d 977, 984 (9th Cir. 2014); *see also Carr v. City of Redondo Beach*, 275 Fed. App'x 592, 594 (9th Cir. 2008).  As such, contrary to Plaintiffs' assertions, the Officers had reasonable basis to arrest Morales.

Plaintiffs further contend that the Officers "deduced from a superficial racial difference between a father and his daughter that Plaintiff Morales was kidnapping a child."  ECF No. 57, Pls. Opp. to Mot. to Dismiss at 7.  Yet, both cases Plaintiffs cite in support of his argument are wholly distinguishable.  In *Lopez v. City of Glendora*, 811 F. App'x 1016, 1018 (9th Cir. 2020), the Ninth

---

[1] Plaintiffs allege "[o]n information and believe, Defendants Fong and Lau had no information or reasonable suspicion that Mr. Morales' daughter was not his."  ECF No. 52, TAC ¶ 20.

Circuit held that a pat-down that essentially came down to the plaintiff "(1) being an African-American from Pasadena, (2) wearing a t-shirt, and (3) being driven in an area that had a history of burglaries" was unconstitutional because those factors alone were insufficient to establish reasonable suspicion.  In *Liberal v. Estrada*, 632 F.3d 1064, 1078 (9th Cir. 2011), the Ninth Circuit affirmed the district court's denial of qualified immunity related, in part, to a traffic stop in which the plaintiff violated no traffic laws and did not engage in a headlong flight upon seeing the officer.  The court held that "avoidance of the police standing alone, does not give rise to a particularized, reasonable suspicion that a person is committing a crime." *Id.*  In both cases, the Ninth Circuit found that the officers did not have sufficient bases to justify reasonable suspicion.  That is not the case here, where the Officers had reasonable suspicion to detain Morales based on a 911 call from Hilton Hotel indicating possible criminal activity.  Reasonable suspicion is further supported by the unchanged allegations in the TAC – that hotel security saw Morales arrive at the hotel alone, knew he was not a registered hotel guest, and then saw him meet "a friend" in the lobby before leaving with a child that Morales had not arrived with. ECF No. 52 ¶¶ 14-16.  Unlike *Lopez* and *Liberal,* the aggregate of these factual allegations establishes a lawful investigatory stop.  This claim must be dismissed with prejudice.

### III. THE OFFICERS USED OBJECTIVELY REASONABLE FORCE

Because the Officers had reasonable suspicion to detain Morales, Plaintiffs also fail to allege facts that plausibly suggest the Officers used excessive force.  As to their excessive force claim, Plaintiffs' opposition contends that "[r]egardless of whether the Defendant Officers had reasonable suspicion, however, no force was needed in the encounter" because Morales "was not attempting to flee, was compliant, and did not display any threatening or potentially violent behavior."  Pls. Opp. to Mot. to Dismiss TAC at 8.  This argument is without merit.

First, as argued above, the Officers had reasonable suspicion to detain Morales.  The alleged force used by the Officers to effect the valid investigatory stop, namely the Officers "aggressively grabbing and yanking Morales' arms" and "Defendant Lau initiating physical contact with Plaintiff Morales while challenging him to fight" was de minimis and objectively reasonable. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("the right to make an arrest or investigatory stop necessarily

1  carries with it the right to use some degree of physical coercion or threat thereof to effect it.");

2  *Lopez v. Cty. of Riverside*, No. ED CV 13-1780 GHK (PJW), 2016 WL 423763, at *2 (C.D. Cal.

3  Jan. 5, 2016), report and recommendation adopted, No. CV 13-1780 GHK (PJW), 2016 WL 438950

4  (C.D. Cal. Feb. 3, 2016) ("threats do not constitute excessive force."); *In re Gregory S.*, 112 Cal. App.

5  3d 764, 771, 778 (Cal. Ct. App. 1980) ("holding appellant's arm to prevent his departure was within

6  [officer's] authority to detain. It is implicit in a lawful detention that the person detained is not free to

7  leave at will and may be kept in the officer's presence by physical restraint, threat of force or assertion

8  of authority" (citation omitted)).

9  Here, as a preliminary note, Plaintiffs fail to respond to the City's argument that verbal threats

10 do not constitute excessive force, and as such has abandoned that claim. *Qureshi v. Countrywide*

11 *Home Loans, Inc.*, No. 09–4198 SBA, 2010 WL 841669, at *6 & n. 2 (N.D. Cal. Mar. 10, 2010)

12 (citing *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005)) (dismissing claims as

13 abandoned where the plaintiff did not oppose dismissal). More significantly, Plaintiffs flatly ignore

14 this Court's previous admonition that the allegations of "a grab of the arm and a chest bump" and that

15 "officers 'twisted his arm,'" without any allegations of "injury or pain associated with the arm twist or

16 describe any force as violent or aggressive," were "insufficient to state a claim of excessive force."

17 ECF No. 49, Civil Minutes, at 1. As it stands, the TAC remains devoid of any allegations relating to

18 injury or pain caused by the Officers' alleged use of force. Plaintiffs cannot. As such, this claim fails.

19 Second, Plaintiffs' assertion in the opposition brief that Morales was "compliant" and "did not

20 display any threatening or potentially violent behavior" is belied by the allegation in the TAC that

21 "[u]nable to see whom the Defendant Officers were, Mr. Morales was concerned that he was being

22 mugged and he pulled away for his and his child's safety." *Compare* Pls. Opp. to Motion to Dismiss

23 at 8 and ECF No. 52, TAC ¶ 17. Plaintiffs' improper emphasis on what Morales thought at the time

24 the Officers initiated contact plainly misapplies the *Graham* standard, which evaluates objective

25 reasonableness "based upon the information the officers had when the conduct occurred." *Graham,*

26 *490 U.S. at 396.* Here, the Officers were investigating a report about a possible domestic dispute and

27 child custody issue. Regardless of Morales' state of mind at contact, Plaintiffs' allegation that Morales

28 "pulled away" necessitated the Officers' use of minimal force - grabbing and twisting Morales' arm -

to complete their investigation. And as Plaintiffs admit, the Officers permitted them to leave once they "acknowledged the situation." ECF No. 52, TAC ¶ 24.

Moreover, neither *Marella v. City of Bakersfield,* No. 1:09-CV-00453, 2010 WL 3386465, at *9 (E.D. Cal. Aug. 26, 2010) nor *Sants v. Seipert,* No. 215CV00355KJMCKD, 2021 WL 465292, at *4 (E.D. Cal. Feb. 9, 2021), both out of district cases decided at the summary judgment stage, lend support to Plaintiffs' arguments. In *Marella*, the plaintiff, who had been suspected of stealing firearms, ran way from the officers once they encountered him. 2010 WL 3386465, at *1. After the chase, the plaintiff was standing in front of a house with his arms raised, when he was tased on the left side of his face and fell unconscious. *Id.* The court denied qualified immunity holding that a law enforcement officer may not use force on a compliant suspect already under the officer's control and not resisting detention or trying to flee. *Id.* at 9. In *Sants*, the officers responded to a complaint that patrons at a bar, including the plaintiff, were being loud. 2021 WL 465292, at *1. The plaintiff approached the officer and asked if something was wrong, and the officer responded no and that he was free to go. *Id.* As the plaintiff walked away, he felt someone grab him from behind and he spun out of the grip and away, not knowing it was the officer. *Id.* Then, the officer told the plaintiff he was under arrest for public intoxication. *Id.* After a brief wrestle for control, the officer began punching the plaintiff in the head, causing traumatic brain injury. *Id* at *2. The court held that repeated blows to the head in response to the plaintiff's actions were excessive under the circumstances. *Id.* at *4. The court also noted, however, that "public intoxication and similarly minor offenses might justify some force, but not force like that used here." *Id.* In both *Marella* and *Sants*, the officers used force that was not reasonable given the plaintiffs' actions. Here, even taken as true – Plaintiffs' TAC establishes a minimally intrusive stop – one in which the Officers did not draw their guns, use a baton, place Morales in handcuffs, or place Morales in a patrol. Thus, the force that the Officers used to achieve their objective was brief and justified. Because the allegations show that the Officers' actions were reasonable, this claim must be dismissed.

## IV.   PLAINTIFFS' STATE LAW CLAIMS AGAINST THE CITY THUS FAIL.

Because the Officers acted lawfully, Plaintiffs' state law tort claims against the City, based on the theory of *respondeat superior*, all fail. *See Carr*, 275 Fed. App'x at 594 (finding "state law tort

claims of …, assault, battery, and false imprisonment fail for the same reason" as the § 1983 claim that an investigatory stop violated the Fourth Amendment where "there is no evidence of any unconstitutional motive or conduct by the police, just a reasonable investigation of the neighbor's call."); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 922 (9th Cir. 2001) (finding plaintiff's "state law assault and battery claims fail for the same reason her federal excessive force claim failed."); *Juricich v. Cnty. of San Mateo*, No. 19-cv-06413-WHO, 2021 WL 308607, at *14 (N.D. Cal. Jan. 29, 2021) (finding that "[t]o the extent that Juricich's negligence claim against Brandt is based on a lack of reasonable suspicion to detain . . . , the claim fails for the same reasons" that the Section 1983 claim for unlawful detention fails); *Ortega v. City of Oakland*, No. C07-02659 JCS, 2008 WL 4532550, at *14 (N.D. Cal. Oct. 8, 2008) (finding plaintiff's "negligence action" against officer was barred where the court "already found that [the officer's] conduct in detaining [plaintiff] was objectively reasonable"). Accordingly, Plaintiffs' state law claims must be dismissed with prejudice.

## V.   THE COURT SHOULD DENY PLAINTIFFS LEAVE TO AMEND.

While leave to amend is routinely granted, the Court need not grant leave to amend "when any proposed amendment would be futile." *Reddy v. Litton Ind., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990) (citation omitted).  It is evident from Plaintiffs' fourth attempt to amend their complaint that they cannot allege facts to state any claims against the City.   That they were unable to do so after multiple attempts shows that any further amendment would be futile.  Accordingly, the Court should grant the City's motion to dismiss the TAC without leave to amend.

Dated:  March 29, 2022

          DAVID CHIU
          City Attorney
          MEREDITH B. OSBORN
          Chief Trial Deputy
          EDMUND T. WANG
          Deputy City Attorney

          By:*/s/ Edmund T. Wang*
              EDMUND T. WANG

          Attorneys for Defendant
          CITY AND COUNTY OF SAN FRANCISCO